**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : Chapter 13 |
| Gallagher, Charles M. | |
| Gallagher, Rachael L. | : 15-14525 amc |
| Debtors/Plaintiffs | |
| | : Adversary No. |
| v. | |
| | : |
| Wells Fargo Bank, N.A. | |
| Defendant | : |

**Complaint Pursuant to 11 U.S.C. Section 506(a)
To Determine Creditor's Secured Status**

The Debtors, by their attorney, requests this court, pursuant to 11 U.S.C. Section 506 (a) to determine the value of interest of Wells Fargo Bank, N.A. (hereinafter referred to "Wells Fargo" and/or "Defendant") in debtor's property and determine the amount of their allowed secured claim, if any.  In support of this complaint the Debtors state as follows:

1.  The Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code on June 26, 2015.

2.  At the time the Debtor filed the instant bankruptcy petition, the fair market value of the Debtor's interest in real estate located at 850 Skelp Level Road, West Chester, PA 19380, was $470,000.00.  (See a true and correct copy of Debtors' Proof of Value attached hereto as Exhibit A).

3.  The Debtors' interest in the real estate is subject to a first lien arising out of a first mortgage dated July 1, 2005, duly recorded on July 11, 2005 with the Recorder of Deeds, Chester County, PA, Book 6544 and Page 1096, in favor of Mortgage Electronic Registration Systems, Incorporated as nominee for Arlington Capitol Mortgage Corp., in the amount of Five Hundred and Twenty Thousand Dollars ($520,000.00).  (Hereinafter referred to as "first mortgage").  (See a true and correct copy of the Proof of Claim attached hereto as Exhibit B).

4. The Debtor's interest in the real estate is also subject to a second lien arising out of a second mortgage dated February 11, 2008, duly recorded on April 11, 2008 with the Recorder of Deeds of Chester, County, PA, Book 7408 and Page 788, in favor of Wachovia Bank, N.A., in the amount of One Hundred Twenty Six Thousand, Four Hundred and Twenty Nine Dollars ($126,429.00).  (Hereinafter referred to as "second mortgage"). (See a true and correct copy of the mortgage attached hereto as Exhibit C).

5. Thereafter, the first mortgage was assigned to Deutsche Bank National Trust

Company on November 20, 2013 (See Exhibit B) and the second mortgage company merged with Wells Fargo on or about March 20, 2010.  (See Exhibit C).

      6.  Under the plain terms of Wells Fargo's mortgage, in addition to creating security interests in the debtors' primary residence, the mortgages also establish a security interest in **". . .cash accounts or other liquid collateral. . ."**.  (See Exhibit C).

      7.  Since Wells Fargo holds a security interest in Debtors' other personal property therefore, Wells Fargo is not entitled to the "anti-modification" protections of 11 U.S.C. Section 1322(b)(2) and the defendant's allowed secured claim may be extinguished pursuant to Section 506(a)(1) of the Bankruptcy Code.

      8.  On or about September 8, 2015, Deutsche Bank National Trust Company, by its Authorized Agent, America's Servicing Company filed a secured proof of claim in the amount of $521,382.36.  (See Exhibit B).

      9. On or about November 17, 2015, Wells Fargo Bank, N.A. filed a secured proof of claim in the amount of $122,049.46.   (See Exhibit C).

      10.  The second mortgage held by Wells Fargo is junior to the first mortgage held by Deutsche Bank National Trust Company.

      11.  Pursuant to 11 U.S.C. Section 506(a), the second mortgage held by Wells Fargo, its successors and/or assigns is wholly unsecured.

Wherefore, the Debtors pray this Court to:

      a.  Determine that the second mortgage held by Wells Fargo, its successors and/or assigns is wholly unsecured;

      b.  Determine that the secured claim filed by Wells Fargo shall be treated as general unsecured claims; and

      c.  Order Wells Fargo, its successors and/or assigns upon discharge to have its second mortgage marked "SATISFIED" and removed from the mortgage index as recorded at the Recorder of Deeds, Chester County, PA.

Dated:  March 13, 2016

 /"s"/Mitchell J. Prince, Esquire
John L. Mc Clain, Esquire
Mitchell J. Prince, Esquire
Attorneys for Debtors
P.O. Box 123
Narberth, PA 19072
(215) 893-9357